UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DYE,

    Petitioner,

v.                                                                    Case No. 05-X-72220-DT

UNITED STATES OF AMERICA, IRS, BRENDA
TOLIVER, et. al.,

    Respondent.
                                                      /

**ORDER DENYING PETITIONER'S
MOTION TO QUASH THIRD PARTY SUMMONS**

This matter comes before the court on Petitioner's June 6, 2005 "Motion to Quash [Third] Party Summons" [Dkt. # 1]. The facts surrounding Petitioner's motion are not presented clearly in his June 6, 2005 filing. It appears that Petitioner was served with a summons by the IRS, however, Petitioner failed and continues to fail to respond to this summons. Without identifying the specific summons for the court, Petitioner asks the court to quash the summons for reasons that the court finds unsubstantial, frivolous, and devoid of merit. Accordingly, for the reasons set forth below, the court will deny Petitioner's "Motion to Quash [Third] Party Summons" pursuant to Fed. R. Civ. P. 11 and Local Rule 7.1(c)(2) for the Eastern District of Michigan.

**I. DISCUSSION**

**A. Rule 11**

A party or attorney makes certain representations when filing a pleading with the court as set forth in Federal Rule of Civil Procedure 11. Rule 11, states in relevant part:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other *legal contentions therein are warranted by existing law* or by a *nonfrivolous argument* for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> **(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11 (emphasis added). The court may dismiss an action for a party's failure to comply with Rule 11. *See generally Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp.2d 407, 418 (S.D.N.Y. 2003); *New York v. Solvent Chem. Co., Inc.*, 875 F. Supp. 1015 (W.D.N.Y. 1995) (discussing dismissal pursuant to Rule 11). "The primary purpose of the Rule [11] is to deter baseless filings and curb abuses of the judicial system. . . ." *Tidik v. Ritsema*, 938 F.Supp. 416, 426 (E.D. Mich. 1996). Upon examining Petitioner's motion, the court finds that Petitioner's legal contentions are not warranted by existing law and should be dismissed pursuant to Fed. R. Civ. P. 11(b)(2).

First, relying on *Dred Scott v. Sandford*, 60 U.S. 393 (1856), Petitioner erroneously claims that persons of African descent may not be citizens of the United States and cannot be lawfully taxed by the IRS. (Pet.'s Mot. at 2-3.) This proposition is

not supported by current law. "The *Dred Scott* opinion was, of course, reversed by the adoption of the Thirteenth and Fourteenth Amendments to the United States Constitution after the Civil War." *Keyes v. School Dist. No. 1, Denver, Colo.,* 609 F. Supp. 1491, 1495 (D. Colo.1985). *See also Oliver v. Donovan*, 293 F. Supp. 958, 968 (E.D.N.Y. 1968) (recognizing that *Dred Scott* was superseded by constitutional amendment); *Barcroft v. County of Fannin*, 118 S.W.3d 922, 926 (Tex. Ct. App. 2003) (emphasizing classification distinctions of citizenship based on race no longer exist).

Furthermore, Petitioner argues that the United States includes only Washington D.C., federal territories, and the high seas, but not any territory within a particular state. (Pet.'s Mot. at 3.) Accordingly, since the Petitioner does not live within Washington D.C., a federal territory, or on the high seas, he argues that he is exempt from federal income taxes. (*Id.*) Likewise, this argument is not warranted by existing law. This argument was rejected in *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990), where the court explained, "[f]or seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves." *Id.; see also United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987), *cert. denied*, 485 U.S. 1022 (1988) (rejecting argument that United States has jurisdiction only over Washington, D.C., the federal enclaves within the states, and the territories and possessions of the United States).

Throughout Petitioner's motion, there are similar examples of outlandish and unsupported legal claims. Some of these examples include:

- "IRS has no *in personam* jurisdiction over Petitioner because the 14th Amendment to the Constitution for the United States was never lawfully ratified." (Pet'r's Mot. at 2.)
- Gross income earned from work, which is an unalienable right, is exempted by fundamental law from tax. (*Id.* at 7.)
- Failure of the IRS to respond to Petitioner's "Affidavit of Claims for Non Tax Status and Exclusion from Gross Income of Remuneration, Wages and Withholdings" indicates that the doctrine of estoppel by acquiescence will preclude the IRS from later contesting Petitioner's tax status.[1] (*Id.* at 5.)

Accordingly, Petitioner's claims offered in support of the relief sought are not warranted by existing law, and the court will deny Petitioner's motion pursuant to Fed. R. Civ. P. 11(b)(2).

### B. Local Rule 7.1(c)(2)

Local Rule 7.1(c)(2) for the Eastern District of Michigan provides in whole:

> A brief supporting a motion or response must, at the beginning, contain a concise statement of the issues presented and, on the following page, *the controlling or most appropriate authority for relief sought.* The brief may contain a table of contents, an index of authorities, and an index of exhibits attached to the brief.

*Id*. (emphasis added). Petitioner's brief fails to contain appropriate authority for relief sought. Moreover, Petitioner fails to properly identify the particular relief sought. First, for the reasons stated in the preceding section, Petitioner's legal contentions are not warranted by current law, and therefore, Petitioner's brief fails to contain appropriate authority for the relief sought. Second, even if the court accepted the authority cited by Petitioner (a position not supported by existing law), Petitioner has failed to properly

---

[1] This contention fails to recognize the independent doctrine of sovereign immunity. *See, e.g.*, *Watts v. IRS*, 925 F.Supp. 271 (D. N.J. 1996) (Taxpayers' allegations that the doctrine of "estoppel by acquiescence" barred Internal Revenue Service (IRS) from asserting deficiency due to its failure to answer taxpayers' correspondence in which they challenged validity of IRS action was claim against United States, and therefore action was barred by doctrine of sovereign immunity).

identify (*i.e.*, by specific name/identification number or attachment) the particular IRS summons which he seeks to quash.  Accordingly, the court lacks the information necessary to grant any relief that Petitioner seeks.  The court will deny Petitioner's motion pursuant to Fed. R. Civ. P. 11 and for Petitioner's noncompliance with Local Rule 7.1(c)(2) for the Eastern District of Michigan.

## II.  CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Quash 3rd Party Summons" [Dkt. # 1] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  July 21, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 21, 2005, by electronic and/or ordinary mail.

      S/Lisa G. Teets
      Case Manager and Deputy Clerk
      (313) 234-5522